1

2

3

4

5

6

7                    UNITED STATES DISTRICT COURT

8              FOR THE EASTERN DISTRICT OF CALIFORNIA

9

RACHEL SCHERBENSKE,

10
                                NO. CIV. S-09-1374 LKK/KJM

11          Plaintiff,

12      v.
                                    O R D E R
13  WACHOVIA MORTGAGE, FSB, FKA
    WORLD SAVINGS BANK, FSB, A
14  FEDERAL SAVINGS BANK; WELLS
    FARGO BANK, N.A.; WELLS FARGO &
15  COMPANY, and DOES 1-100,

16

17          Defendants.

18  _____/

19      Plaintiff has brought suit against defendants for various

20  actions she alleges were improper in relation to the refinancing

21  of her home loan and eventual foreclosure sale of her home. Pending

22  before the court is plaintiff's motion to remand. For the reasons

23  stated herein, the court grants the motion.

24                       **I. BACKGROUND**[1]

25  _____

26      [1]Defendant requests the court take judicial notice of the
    plaintiff's trial brief filed in the unlawful detainer action. The

                                1

1    Plaintiff's suit against defendants originated as an
2  adversarial complaint brought in the Bankruptcy Court of the
3  Eastern District of California, Adversary Case No. 09-02010. In
4  that complaint, she alleged that defendants' conduct surrounding
5  her purchase of a home loan and, later, the foreclosure sale of her
6  home violated various state and federal laws. Specifically, she
7  pled that defendants committed fraud, wrongful foreclosure and
8  slander of title; breached fiduciary duties, an oral contract and
9  the duty of good faith and fair dealing; violated California
10 Welfare and Institutions Code § 15600 and Business and Professions
11 Code § 17200;, and violated the Truth in Lending Act, the Real
12 Estate Settlement Procedures Act.

13    Defendants moved to withdraw the reference to the Bankruptcy
14 Court in that case, which plaintiff did not oppose. Plaintiff then
15 moved for a temporary restraining order to enjoin defendants from
16 proceeding with an unlawful detainer hearing in state court. See
17 Case No. 2:09-cv-00717, Docket No. 7. The court concluded that
18 under Colorado River Water Conservation District v. United States,
19 424 U.S. 800 (1976) and Princess Lida of Thurn & Taxis v. Thompson,
20 305 U.S. 456 (1939), it was prohibited from interfering with a
21 *quasi in rem* action where the state court had first obtained
22 jurisdiction. The application for a temporary restraining order was
23 denied on this basis.

24    On May 15, 2009, defendants removed to this court the instant
25 ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
26 court does not find that this document is relevant to resolution
   of the motion and denies the request.

1  action, which plaintiff had filed in state court on that day. In
2  this action, plaintiff appears to have filed an identical complaint
3  in state court as she filed in the adversarial action in the
4  Bankruptcy Court. The cases were related on May 28, 2009. Pending
5  before the court is plaintiff's motion to remand the instant case.

6  ## II. STANDARD

7      The removing defendant always has the burden of establishing
8  federal jurisdiction. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th
9  Cir. 1992). A defendant may remove any state court action to
10  federal district court if the latter court has original
11  jurisdiction under "a claim or right arising under the
12  Constitution, treaties or laws of the United States." 28 U.S.C. §
13  1441; see also 28 U.S.C. § 1331. Whether a cause of action arises
14  under the Constitution, treaties, or laws of the United States must
15  be determined solely from what is contained in the plaintiff's
16  well-pleaded complaint. Taylor v. Anderson, 234 U.S. 74, 75-76
17  (1914). Federal jurisdiction is not proper when the federal
18  question only arises through the defendant's defense or the
19  plaintiff's necessary response thereto. Id.; Christianson v.Colt
20  Indus. Operating Corp., 486 U.S. 800, 809 (1988).

21      Civil actions not involving a federal question are removable
22  to a federal district court only if there is diversity of
23  citizenship between the parties. 28 U.S.C. § 1332(a)(1). The
24  defendants do not predicate removal on this basis, nor could they.
25  Rather, they assert that removal is proper because the action
26  implicates federal law. The court cannot agree.

### III. **ANALYSIS**

Here, defendants removed plaintiff's action on the grounds that it presents a federal question. That appears indisputable, as plaintiff has pled two causes of action under federal statutes, the Truth in Lending Act and the Real Estate Settlement Procedures Act.

Plaintiff argues that the case "belongs" in state court because this court, in ruling on the application for a temporary restraining order, held that it could not interfere with the state court's concurrent proceeding in this quasi in rem action. See Pl.'s Mot. to Remand at 5. Removal, she argues, prevents the court hearing the unlawful detainer action from also resolving the instant suit. Essentially, she argues that concerns of equity and comity demand remand.

Generally, a federal court has no discretion to decline to exercise jurisdiction if jurisdiction is otherwise proper.[2] See, e.g., Buchner v. FDIC, 981 F.2d 816 (5th Cir. 1993). In certain narrow circumstances, courts have remanded cases that had been removed from state court and that were duplicative of extant cases filed in federal court. See Walton v. UTV of San Francisco, Inc., 776 F. Supp. 1399, 1403 (N.D. Cal. 1991); see also Wathan v. Pazin, Case No. F-07-cv-0874, 2007 WL 4181716 (E.D. Cal. Nov. 21, 2007) (Ishii, J.). In Walton, 776 F. Supp. at 1400, the plaintiff had filed Title VII claims and state-law claims in federal court. The

---

[2]An exception to this rule is the court's ability to decline to exercise jurisdiction in cases where only declaratory relief is sought, Am. Cas. Co. of Reading, Pennsylvania v. Krieger, 181 F.3d 1113, 1118 (9th Cir. 1999), which does not apply here.

court then declined to exercise supplemental jurisdiction over the state claims and dismissed them. Id. at 1401. Plaintiff then filed suit in state court, asserting state claims as well as the Title VII claims pending in federal court. Id. Defendant removed to federal court and the plaintiff sought remand. Id.

The court granted the motion to remand. Id. at 1404. Preliminarily, however, it explained that state and federal courts may "proceed[] on the same cause of action in two different courts of concurrent jurisdiction at the same time, if jurisdiction is in personam." Id. at 1401. As support for this conclusion, the court cited Princess Lida of Thurn & Taxis v. Thompson, 305 U.S. 456, 466 (1939), and others for the proposition that in in rem actions or quasi in rem actions, the court that first obtains jurisdiction of the res in question possesses jurisdiction to the exclusion of all other courts. Id. at 1401.

Here, the situation is more complicated, as the plaintiff seeks injunctive relief that plainly encompasses the res over which the court has determined, in its order denying the application for a temporary restraining order, the state court possesses exclusive jurisdiction. This includes plaintiff's prayer for relief seeking an injunction and declaration relating to her interest in the real property at issue. However, plaintiff also seeks additional injunctive relief and damages that do not implicate the res, such as recision of the home loan and damages under state and federal law.

The Court of Appeals has given guidance in such a situation.

1   In <u>40235 Washington Street Corp. v. Lusardi</u>, 976 F.2d 587, 589 (9th

2   Cir. 1992) (per curium), the court considered a claim where the

3   plaintiff sought to have a declaration that a tax sale of real

4   property was void under federal law and sought to quiet title on

5   the property. The court held that the quiet title action was an

6   action *in rem* and that, because the state court had obtained

7   exclusive jurisdiction over the property in a previously-filed

8   quiet title action there, the federal court was required to abstain

9   under <u>Colorado River</u>.

10       Plaintiff then argued that, notwithstanding this, the federal

11  district court nevertheless should have continued to have exercised

12  jurisdiction on the claims arising under federal law. <u>Id.</u> at 589.

13  The Court of Appeals disagreed. <u>Id.</u> It explained,

14       We reject the suggestion that where a merits claim and
         a declaratory relief claim are combined in one action a
15       different abstention inquiry is required for each claim.
         Such a rule would increase, not decrease, the likelihood
16       of piecemeal adjudication or duplicative litigation, and
         thus would undermine both the <u>Colorado River</u> and
17       <u>Brillhart</u> doctrines. . . . We hold that in such
         circumstances, where abstention is required with respect
18       to the merits claim it is required with respect to the
         declaratory relief claim as well. The federal question
19       raised in the declaratory relief claim can be answered
         in the state court proceeding on the merits. There is no
20       justification here for the simultaneous prosecution of
         lawsuits in two different fora.
21  <u>Id.</u> (citations omitted).

22       That holding appears to govern here. As the court explained

23  in its previous order denying plaintiff's application for temporary

24  restraining order in the related case, the state court has

25  exclusive jurisdiction over the real property at issue in this

26  ////

1  case.[3] The unlawful detainer determination to be made by the state

2  court inextricably involves the issues raised in this case,

3  specifically the validity of relevant homes loans and whether

4  defendants were barred from proceeding in the foreclosure sale.

5  Under Lusardi, the court is obligated to decline to exercise

6  jurisdiction over this case in favor of the state court.

7  Plaintiff's motion is therefore granted.

8                          **IV.  CONCLUSION**

9       For the reasons stated herein, the plaintiff's motion is

10  GRANTED.

11       The Clerk is directed to close the case.

12       IT IS SO ORDERED.

13       DATED:  June 9, 2009.

14

15

16                          LAWRENCE K. KARLTON
                            SENIOR JUDGE
17                          UNITED STATES DISTRICT COURT

18

19

20

21

22

23

24  _____

25       [3]As explained previously, the same real property is at issue
    in both this case and case number 09-cv-00717, in which the
26  application for a temporary restraining order was filed.

                                    7